**STATE of Missouri, Respondent,**

v.

**Patrick COOPER, Appellant.**

**No. ED 94453.**

Missouri Court of Appeals, Eastern District, Division One.

March 29, 2011.

---

1. Hadley E. Grimm was appointed as Special Judge to this court when this appeal was submitted, but has since retired.

Margaret M. Johnston, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., James B. Farnsworth, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Patrick Cooper ("Defendant") appeals from the trial court's judgment and sentence after a jury found him guilty of one count of first degree statutory rape, four counts of first degree sodomy, and one count of incest. We affirm.

## I. BACKGROUND

Defendant was charged with one count of first degree statutory rape, four counts of first degree sodomy, and one count of incest based on allegations that he had sexually abused his 11–year–old daughter, who disclosed information about the alleged abuse to her teacher. A week later, police questioned Defendant, who initially denied the allegations but then admitted to the abuse.

At trial, Defendant testified that he had never sexually abused his daughter. The jury returned guilty verdicts on all charges and recommended sentences of seventeen years for the statutory rape charge, five years for each sodomy charge, and three years for the incest charge. Following the jury's recommendation, the trial court sentenced Defendant to twenty years imprisonment.

## II. DISCUSSION

In his first point on appeal, Defendant argues that the trial court erred by reconsidering its initial grant of a mistrial, failing to ultimately declare a mistrial, and not responding to jury notes regarding the deadlock, because it coerced the jury into finding Defendant guilty. We disagree.

"To properly preserve an issue for an appeal, a timely objection must be made during trial." *State v, Scott,* 298 S.W.3d 913, 916 (Mo.App.E.D.2009) (citing *State v. Mayes,* 63 S.W.3d 615, 628 (Mo. banc 2001)). Such objections must be spe-

cific and call the court's attention to the reason for the objection. *State v. Lang,* 515·S.W.2d 507, 511 (Mo.1974). "Simply stating the word 'objection,' preserves nothing for appellate review." *State v. Overton,* 261 S.W.3d 654, 666 (Mo.App. S.D.2008) (citing *State v. Anderson,* 79 S.W.3d 420, 440 n. 8 (Mo. banc 2002)). Any grounds not raised on objection are considered waived, and changing such grounds on appeal is prohibited. *Id.* at 667.

■ Because Defendant did not preserve any of the three alleged errors for appeal, we review for plain error. *State v. Tisius,* 92 S.W.3d 751, 767 (Mo. banc 2002). "Plain error is evident, obvious and clear error." *State v. Bailey,* 839 S.W.2d 657, 661 (Mo.App.S.D.1992). Relief will not be granted unless Defendant shows that the error affected his rights so substantially that a miscarriage of justice or manifest injustice would occur if the error is left uncorrected. *State v. Silvey,* 894 S.W.2d 662, 671 (Mo. banc 1995).

■ Defendant did not suffer manifest injustice when the trial court refused to grant a mistrial and instead allowed the jury to continue deliberations without responding to their notes regarding their deadlock. The length of time which a jury is allowed to deliberate is within the sound discretion of the trial court. *State v. Snider,* 869 S.W.2d 188, 192 (Mo.App. E.D. 1993). The trial judge may attempt to facilitate a verdict by giving no additional instruction and allowing further time for deliberation even when a jury indicates that further deliberations would not be helpful in resolving the deadlock. *State v. Anderson,* 698 S.W.2d 849, 853 (Mo. banc 1985). The record shows that after advising the jury that any verdict needed to be unanimous, the trial court planned to declare a mistrial on the two undecided counts, but then the jury sent another note indicating progress in deliberations. Because the jury had continued deliberating on its own, the trial court made the decision to let the deliberations continue without a response, and within the hour, the jury reached a unanimous verdict on both counts. Nothing in the record indicates that the trial court said or did anything that implied the jury had to reach a verdict. The record also shows that the jury was polled, with each juror affirming his or her guilty verdict. The record further shows that the jury recommended sentences above the minimum, also indicating that the verdict was not coerced. Point denied.

■ In his second point on appeal, Defendant argues that the trial court abused its discretion by refusing to grant a new trial or evidentiary hearing for juror misconduct based on alleged statements by two jurors during a post-trial interview with defense counsel, because this denied Defendant due process and a fair trial by an impartial jury. We disagree.

■ We review the trial court's denial of a motion for a new trial for abuse of discretion. *State v. Kelly,* 851 S.W.2d 693, 696 (Mo.App. E.D.1993). "An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense and justice and indicates a lack of careful, deliberate judgment." *Hancock v. Shook,* 100 S.W.3d 786, 795 (Mo. banc 2003) (citing *Nelson v. Waxman,* 9 S.W.3d 601, 604 (Mo. banc 2000)). "If reasonable persons can differ as to the propriety of the trial court's action, then it cannot be said that the trial court abused its discretion." *Id.* (citing *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 647 (Mo. banc 1997)).

It is well settled in Missouri that a juror cannot impeach his own verdict or the

verdict of a jury of which he was a member. *See State v. Keller*, 104 S.W.2d 247, 249 (Mo.1937) (citing *State v. Underwood*, 57 Mo. 40 (1874)), *State v. Ferguson*, 353 Mo. 46, 182 S.W.2d 38, 45 (1944), *State v. McDaniel*, 392 S.W.2d 310, 318 (Mo.1965). "[Jurors] cannot be allowed to violate the secrets of the jury room, and tell of any partiality or misconduct that transpired there, nor speak of the motives which induced or operated to produce the verdict." *Strong v. State*, 263 S.W.3d 636, 643 (Mo. banc 2008). The strict prohibition against impeaching the verdict promotes finality of verdicts and protects jurors from harassment by unsuccessful litigants. *State v. Harding*, 734 S.W.2d 871, 871 (Mo.App. E.D.1987). The jurors' statements, upon which Defendant relies, related to the decision-making processes that transpired during jury deliberations and therefore cannot be used by Defendant to impeach the verdict. Point denied.

In his third point on appeal, Defendant contends that the trial court erred in not striking the State's closing argument. Defendant has expressly abandoned this point, so we need not address it.

In his fourth and final point on appeal, Defendant argues that the trial court erred in submitting Instruction No. 17, the incest instruction, with disjunctive verdict directors, because this violated Defendant's rights to due process, a fair trial, a unanimous verdict and freedom from double jeopardy. We disagree.

The court generally reviews the issue of jury instructions de novo. *Harvey v. Washington*, 95 S.W.3d 93, 97 (Mo. banc 2003). However, in order to preserve claims of instructional error for review, counsel must make a specific claim of error. *State v. Germany*, 323 S.W.3d 472, 477 (Mo.App. E.D.2010). Defendant concedes that there was no objection to Instruction No. 17, and thus the point is not preserved for appeal. However, we may still review for plain error. "Plain error is evident, obvious and clear error." *State v. Bailey*, 839 S.W.2d 657, 661 (Mo. App.W.D.1992). For instructional error to rise to the level of plain error, the defendant must establish not mere prejudice, but that the trial court's instructional error so misdirected or so failed to instruct the jury, that it actually affected the jury's verdict and caused manifest injustice or a miscarriage of justice. *Germany*, 323 S.W.3d at 477. Here, the record shows that there was overwhelming evidence of Defendant's guilt. Further, the record shows that the jury was instructed that any verdict needed to be unanimous. All given instructions must be considered together. *State v. Sallee*, 436 S.W.2d 246, 252 (Mo.1969). Therefore, the disjunctive verdict directors did not result in manifest injustice. Point denied.

### III. CONCLUSION

The judgment of the trial court is affirmed.

KENNETH M. ROMINES, J., DAVID ASH, SP. J., concur.