STATE of Missouri, Respondent,

v.

Joshua A. MINER, Appellant.

No. ED 96594.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 24, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 2012.

Application for Transfer Denied
May 1, 2012.

Roxanna A. Mason, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., Jessica P. Meredith, Jefferson City, MO, for Respondent.

ROBERT M. CLAYTON III, Judge.

Joshua Miner appeals the judgment entered upon a jury's verdict convicting him of kidnapping, second-degree burglary, and aggravated stalking.[1] We affirm.

## I. BACKGROUND

Miner had a relationship with E.S. ("the victim") for several years. During that time, the relationship was sometimes "rocky," according to Miner. In June 2009, Miner moved out of the home he shared with the victim. Between September 5 and September 12, 2009, Miner called the victim on multiple occasions, threatening her. Miner also made threats against the victim's dogs and her family. The victim testified that Miner made "constant phone calls" to her, described as "too many to keep count" during this period. On one of those occasions, Miner called the victim from a telephone in her home. When a male answered the victim's cell phone, he broke two telephones and a television set. On another occasion, Officer Igor Kahrimanovic, of the St. Louis Metropolitan Police, arrived at the residence of a friend of the victim in response to a call to report harassing phone calls. While Officer Kahrimanovic was making his report, Miner called the victim again. The victim's friend answered the telephone, put it on speaker mode, and informed Miner that the police were present. Miner threatened the friend with physical harm and stated he was not afraid of the police. Officer Kahrimanovic identified himself to Miner as a police officer and Miner hung up. Officer Kahrimanovic drove the victim to her house and made sure Miner was not waiting for her. Officer Kahrimanovic filed a report, testifying he "entered [Miner] as wanted ... for the crime of harassment and intimidating or frightening of another person."

On September 17, 2009, Miner broke into the victim's house and assaulted her. The victim claimed Miner held her captive for about three hours. During that time, the victim testified Miner raped her and attempted to sodomize her. She tried to

---

1. Miner is not appealing his conviction for second-degree burglary.

get away from Miner and was finally able to escape. The victim ran out of her house to a neighbor's house across the street, where she called the police.

Miner was charged with first-degree burglary, kidnapping, forcible rape, attempted forcible sodomy, second-degree burglary, and aggravated stalking. A jury convicted Miner of kidnapping, second-degree burglary, and aggravated stalking. The jury found him not guilty of the remaining counts. Miner was sentenced to seven years' imprisonment each for kidnapping and second-degree burglary, and four years' imprisonment for aggravated stalking, all sentences to be served concurrently. Miner now appeals.

## II. DISCUSSION

Each of Miner's points on appeal concern claims of instructional error. In his first point, Miner claims the trial court erred in submitting Instruction 11 for aggravated stalking to the jury because the verdict director failed to denote a specific threat and violated his right to a unanimous verdict. In his second point on appeal, Miner claims the trial court erred in submitting to the jury, Instruction 6 for kidnapping, because it failed to comply with the mandatory M.A.I. pattern instruction.

### A. Standard of Review

Miner concedes his points on appeal were not preserved, and we may review them only for plain error. Pursuant to Rule 30.20 [2], "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Under plain error, prejudice exists if the alleged

error impacts the defendant's rights so substantially that manifest injustice or miscarriage of justice will result if the error is not corrected. *State v. Ebeirus,* 184 S.W.3d 582, 585 (Mo.App. S.D.2006).

### B. Aggravated Stalking Instruction

■ In his first point on appeal, Miner claims the trial court plainly erred in submitting Instruction 11 for aggravated stalking to the jury because the verdict director failed to denote a specific threat and therefore it violated his right to a unanimous verdict. Specifically, he contends the State presented evidence of multiple threats, but the verdict director did not identify any one of the threats, thereby creating the possibility that the jurors failed to agree unanimously as to any particular threat.

Section 565.225.3, RSMo 2000,[3] provides, in relevant part, "A person commits the crime of aggravated stalking if he or she purposely, through his or her course of conduct, harasses or follows with the intent of harassing another person, and: (1) Makes a credible threat[.]" The term "harass" is defined as meaning, "to engage in a course of conduct directed at a specific person that serves no legitimate purpose, that would cause a reasonable person under the circumstances to be frightened, intimidated, or emotionally distressed." Section 565.225.1(3). Section 565.225.1(1) defines "course of conduct" as "a pattern of conduct composed of two or more acts, which may include communication by any means, over a period of time, however short, evidencing a continuity of purpose."

Instruction 11 directed the jury to find Miner guilty of aggravated stalking if it found that between September 5, 2009 and September 17, 2009, he purposely harassed

---

**2.** References to Rules are to Missouri Supreme Court Rules (2011).

**3.** All further statutory references are to RSMo 2000.

the victim by repeatedly calling her and going to her home, and that these acts caused her emotional distress, and he made a credible threat to kill the victim. Miner claims the verdict director should have identified a particular threat to ensure the jury reached a unanimous verdict. He relies on a recent case from the Missouri Supreme Court, *State v. Celis–Garcia* to support his allegation. 344 S.W.3d 150 (Mo. banc 2011). However, *Celis–Garcia* is factually distinguishable from the case at hand.

In *Celis–Garcia*, the defendant was charged with multiple counts of statutory sodomy against two victims occurring on different occasions and at different times. *Id.* at 152. The verdict director instructed the jury that if it believed the defendant had committed the acts constituting statutory sodomy between the charged dates, it must find the defendant guilty of statutory sodomy. *Id.* at 154. The defendant argued the verdict directors did not identify any specific acts of statutory sodomy and failed to ensure the jury reached a unanimous verdict because the verdict directors required only a general finding of statutory sodomy between the specified dates. *Id.* at 155. The Court found there were multiple, separate incidents of statutory sodomy committed against both victims, and any of them would have supported the charged offenses. *Id.* The Court held that it was "impossible to determine whether the jury unanimously agreed on any one of these separate incidents," and thus "the verdict directors violated [defendant's] constitutional right to a unanimous jury verdict . . ." *Id.* Ultimately, the Court reversed the defendant's conviction and remanded for a new trial. *Id.* at 160.

Unlike in *Celis–Garcia*, where the defendant was charged with statutory sodomy based upon identifiably discrete acts, in the case before us, Miner was convicted

for aggravated stalking, which required jurors to reflect on whether Miner purposely harassed and made a credible threat to the victim through a "pattern of conduct composed of two or more acts" over a period of time. Here, Miner does not dispute that he threatened the victim on multiple occasions during the requisite time; he simply disputes whether the jury unanimously agreed to find him guilty based on one particular threat. However, since Miner's threats constituted a course of conduct over the charged period of time, jurors needed only to agree unanimously over the period of time specified in the verdict director that his threats caused the victim to fear for her safety, rather than whether one specific threat did so. Thus, unlike in *Celis–Garcia*, here there is no risk that Miner's right to a unanimous jury was violated. Point one is denied.

## C.  Kidnapping Instruction

◼ In his second point on appeal, Miner claims the trial court plainly erred in submitting Instruction 6 for kidnapping to the jury because it failed to comply with the mandatory M.A.I. pattern instruction. Specifically, Miner contends the instruction omitted the word "and" between the second and third elements, and therefore was presumptively prejudicial.

◼ Whether or not a jury was properly instructed is a question of law. *Twin Chimneys Homeowners Assoc. v. J.E. Jones Constr. Co.*, 168 S.W.3d 488, 497 (Mo.App. E.D.2005). The test is whether the instruction follows the substantive law and can be readily understood by the jury. *Id.* at 498. When reviewing claimed instructional error, we view the evidence most favorably to the instruction, disregard contrary evidence, and reverse where the party challenging the instruction shows that the instruction misdirected, misled, or confused the jury, and there is a substantial indication of prejudice. *Id.* For in-

structional error to rise to the level of plain error, Miner must establish not mere prejudice, but that the trial court's instructional error "so misdirected or so failed to instruct the jury, that it actually affected the jury's verdict and caused manifest injustice or a miscarriage of justice." *State v. Cooper,* 336 S.W.3d 212, 216 (Mo.App. E.D.2011).

Instruction 6 directed the jury:

if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about September 17, 2009, in the State of Missouri, the defendant confined [the victim] for a substantial period, and

Second, that such confinement was by means of forcible compulsion and was without consent of [the victim],

Third, that defendant confined [the victim] for the purpose of terrorizing her,

then you will find the defendant guilty under Count II of kidnapping.

However, unless you find and believe from the evidence beyond a reasonable doubt *each and all of these propositions,* you must find the defendant not guilty. (emphasis added).

Miner contends that because the word "and" was omitted between the second and third elements, the jury could have read the second element as an alternative to the third element. We disagree.

 "Typographical or inadvertent errors are not necessarily prejudicial when a literate juror could conclude what the instructions were intended to communicate." *Buckallew v. McGoldrick,* 908 S.W.2d 704, 710 (Mo.App. W.D.1995). Instruction 6 specifically directed the jurors that they must find and believe "each and all of the propositions." Based upon this language, even considering the inadvertent omission of "and" between the second and third

element, a juror could reasonably conclude that he or she was required to find and believe each element to find Miner guilty of kidnapping. As a result, we do not find that the omission of the conjunctive term "and" between the second and third elements of the instruction "so misdirected or so failed to instruct the jury, that it actually affected the jury's verdict and caused manifest injustice or a miscarriage of justice." *Cooper,* 336 S.W.3d at 216. Point two is denied.

### III. CONCLUSION

The judgment is affirmed.

KATHIANNE KNAUP CRANE, P.J., and KENNETH M. ROMINES, J., concur.

