

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110308 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | Cause No. 2022-CR01895-01 |
| | ) | |
| TROY JACKSON-BEY, | ) | Honorable Paula P. Bryant |
| | ) | |
| Appellant. | ) | Filed: June 27, 2023 |

Before Judge Lisa P. Page, P.J., Thomas C. Clark II, J., Renée D. Hardin-Tammons, J.

**Introduction**

Following a jury trial in the City of St. Louis circuit court, the jury convicted Troy Jackson-Bey (Appellant) of one count murder first degree (Count I) in violation of § 565.020 after shooting and killing Jermane Hicks (Husband), one count assault first degree (Count III) in violation of § 565.050 after shooting Tricia Hicks (Wife), two counts armed criminal action (Counts II and IV) in violation of § 571.015 and one count burglary first degree (Count V) in violation of § 569.160 after unlawfully entering their residence.[1] Appellant raises five points on appeal. In Point I, he argues the trial court erred by admitting into evidence video clips recorded on a home surveillance camera because Appellant was entitled to present the entire recording

---

[1] All statutory references are to the Revised Statutes of Missouri (2016).

1

under the rule of completeness which prejudiced him. In Point II, Appellant argues the trial court erred in denying his motion for judgment of acquittal because the State of Missouri (State) did not present sufficient evidence for the jury to find him guilty beyond a reasonable doubt of assault first degree. In Point III, he argues the trial court plainly erred by submitting assault first degree verdict director because the instruction required the jury to find that he shot Wife when the State's evidence was insufficient. Relatedly, Appellant argues in Point IV that the trial court plainly erred in submitting the assault first degree verdict director because the instruction's language differed from the indictment's language, resulting in his conviction for an uncharged crime. In Point V, Appellant argues the trial court erred in denying his motion for judgment of acquittal because the State did not present sufficient evidence showing Appellant was 18 years-old or older at the time of the offense. We affirm.

## Factual and Procedural Background

Following a trial occurring December 7-9, 2021 in the City of St. Louis, a jury convicted Appellant of murder first degree (Count I), assault first degree (Count III), two counts armed criminal action (Counts II and IV) and one count burglary first degree (Count V). Viewed in the light most favorable to the jury verdict, the following was adduced at trial:

Wife and Husband lived in a duplex they were renovating on Leduc Street in the City of St. Louis. Wife testified she and Husband placed three security cameras around and inside their duplex, explaining that the cameras operated on a motion-sensor and recorded in 30-second clips but not continuously. They placed one camera at the front door and another in the living room.

On June 16, 2020, Husband drove his son to a friend's house while Wife prepared dinner. When Wife heard Husband return to the residence, she looked outside through the living room window, observing a man seated in a red Jeep and a woman seated in another car parked along

the street. After Husband asked the woman if she could move her car forward so he could park his car in front of the duplex, she agreed and moved forward.

After Husband exited his vehicle, Wife saw Appellant, who she knows as "Little Troy," approach her husband. Wife knew both Appellant and his father "Big Troy" because they had previously shared meals with them at their residence. Appellant appeared upset with Husband about asking the woman to move her car. Husband explained that he preferred this parking location near his residence but Appellant continued arguing with Husband. When Husband reminded Appellant that they had shared meals and Husband had even given Appellant money, Appellant responded angrily, taking money out of his pocket and throwing it at Husband. Husband did not pick up the money but called out to another person sitting in a truck down the street and requested that they remove Appellant from the scene.

Then, the argument ended and the two men became quiet. Wife testified that Appellant turned to walk away but raised his shirt, removed a gun and started shooting at Husband. Wife screamed and ran to the front door, hoping to leave the residence and check on Husband. When she opened the door, Appellant was standing there with the gun. She closed the door but Appellant forced his way into the room and began shooting.

After initially stumbling over the broken door, Appellant pursued Wife as she attempted to run. Following a collision and a struggle for control of the firearm, Wife landed on top of Appellant and attempted to dissuade him from continuing his violent behavior. Wife did not let him go and Appellant fired the gun. Eventually, Appellant escaped Wife's grasp, shot the gun in the direction between Wife's legs and ran out of the front door. Wife was not shot during the attack and the motion-sensor cameras located at the front door and inside the living room captured portions of the assault.

Husband died at the scene after sustaining six gunshot wounds, including three in the head area. Of these, one was located in the back of his head, indicating Appellant shot Husband after he turned away. Additionally, police officials recovered five bullet casings, including one located inside of the residence.

Before the trial began, Appellant's trial counsel filed a motion in limine, requesting the trial court exclude the images recovered from the motion-sensor cameras because Appellant was entitled to present the entire surveillance video under the rule of completeness and the State offered footage that captured only portions of the relevant events. Opposing the motion, the State explained to the trial court that the video clips are created from a motion-detection system, so the cameras did not record continuously but instead, recorded in intervals or following a process that the witnesses described as a "30 second burst." Following argument, the trial court denied Appellant's motion. During her testimony, Wife explained the security camera operation as well as the recording procedure which is limited to 30-second intervals once activated by the motion detector. Trial counsel objected when the State moved to admit Exhibit 1, a video of the clips from the cameras, but the trial court overruled the objection and the State presented the video to the jury.

In closing argument, Appellant claimed that he was falsely accused based on mistaken identity. The trial court instructed the jury, offering the applicable verdict directors linked to the relevant counts, including instruction 11 or the assault first degree allegation. More specifically, it authorized the jury to find Appellant guilty beyond a reasonable if they concluded, in part, that "on or about June 16, 2020, in the State of Missouri, the defendant attempted to kill or cause serious physical injury to Tricia Hicks by shooting her."

4

The jury found Appellant guilty on the five counts and the trial court sentenced him to life imprisonment in the Missouri Department of Corrections without the possibility of probation or parole for murder first degree in Count I, life imprisonment for armed criminal action in both Counts II and IV, but running concurrently with the other counts, 15 years imprisonment for assault first degree in Count III, running consecutively with the other counts, and 15 years of imprisonment for burglary first degree in Count V, running concurrently with the other counts. Now Appellant appeals.

**Discussion**

*Point I – Trial Court's Admission of Video Clips and the Rule of Completeness*

In Point I, Appellant argues that the trial court erred by admitting into evidence several video clips from the home surveillance camera because Appellant was entitled to present the entire surveillance video under the rule of completeness and the State offered footage that captured only portions of the relevant events.

*Standard of Review*

The trial court "has broad discretion in admitting evidence at trial." *State v. Brandolese*, 601 S.W.3d 519, 533 (Mo. banc 2020). We review the trial court's ruling on the admission or exclusion of evidence for abuse of discretion. *State v. Suttles*, 581 S.W.3d 137, 145 (Mo. App. E.D. 2019). A circuit court abuses its discretion only when its ruling is "clearly against the logic and circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Brandolese*, 601 S.W.3d at 533 (quoting *State v. Brown*, 939 S.W.2d 882, 883-84 (Mo. banc 1997)); *see also Suttles*, 581 S.W.3d at 145. Further, this Court reviews the trial court "for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." *Brandolese*, 601

S.W.3d at 533-34 (quoting *State v. Zink*, 181 S.W.3d 66, 73 (Mo. banc 2005)). Trial court error is not prejudicial unless "there is a reasonable probability that the trial court's error affected the outcome of the trial." *Id.* at 534.

*Analysis*

The trial court did not err by admitting video footage from the home surveillance system because the rule of completeness does not apply. The rule of completeness provides that when either party introduces part of an act, occurrence, transaction, or statement, the opposing party may introduce or inquire into other portions of the whole to rebut adverse inferences that "might arise from the fragmentary or incomplete character of the evidence introduced by his adversary." *State v. Graham*, 529 S.W.3d 363, 366-67 (Mo. App. E.D. 2017) (quoting *State ex rel. Kemper v. Vincent*, 191 S.W.3d 45, 50 (Mo. banc 2006)). The rule of completeness "only applies when the item sought to be introduced is part of a greater whole." *Ellis*, 512 S.W.3d at 826 (quoting William A. Schroeder, 22 Missouri Practice, Missouri Evidence, section 106:1 (4th ed. 2012)).

When the trial court considered Appellant's motion in limine to exclude the clips, the State explained that the clips originated from a security system operating on a motion sensor that does not continuously record. The cameras record 30-second clips whenever the motion sensor is activated. Wife reaffirmed this during her testimony. Considering the State's arguments and Wife's testimony, the trial court did not err when it admitted the camera clips into evidence because the rule of completeness did not apply. The State could not produce and Appellant could not introduce other parts of the video because the cameras did not produce a single, continuous video. Point I denied.

***Point II – Sufficiency of the Evidence for First Degree Assault***

In Point II, Appellant argues the trial court erred by denying his motion for judgment of acquittal because the State did not present sufficient evidence for the jury to find him guilty beyond a reasonable doubt of assault first degree as charged in the verdict-director instruction.

*Standard of Review*

"When judging the sufficiency of the evidence to support a conviction, appellate courts do not weigh the evidence but accept as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict and ignore all contrary evidence and inferences." *State v. Collins*, 648 S.W.3d 711, 718 (Mo. banc 2022) (quoting *State v. Wooden*, 388 S.W.3d, 522, 527 (Mo. banc 2013)). In determining whether there was an adequate record to support a conviction, we ask only whether there was sufficient evidence from which the trier of fact reasonably could have found the defendant guilty beyond a reasonable doubt on each element of the crime charged. *Id.* (citing *Wooden*, 388 S.W.3d at 527); *State v. Stewart*, 640 S.W.3d 174, 177 (Mo. App. E.D. 2022). We will not reweigh evidence on appeal or make credibility determinations. *State v. Mack*, 624 S.W.3d 436, 455 (Mo. App. E.D. 2021).

*Analysis*

The trial court did not err by denying Appellant's motion for judgment of acquittal because the State presented sufficient evidence for a jury to find him guilty beyond a reasonable doubt without regard to the verdict-director instruction. Here, the verdict-director instruction does not have a bearing on whether the State submitted sufficient evidence for the jury to find Appellant guilty of assault first degree. "[I]n determining a sufficiency of the evidence claim, we are not concerned with the language of the verdict-directing instruction submitted to the jury. Instead ... we are concerned only with whether there is sufficient evidence to support the charged crime, based on the elements of the crime as set forth by statute and common law and the

7

evidence adduced at trial." *State v. Brown*, 558 S.W.3d 105, 109 (Mo. App. E.D. 2018) (quoting *State v. Voss*, 488 S.W.3d 97, 108-10 (Mo. App. E.D. 2016)). When a defendant challenges the denial of his motion for judgment of acquittal occurring before the trial court instructed the jury, "we evaluate whether the State presented sufficient evidence to submit to the jury the cases against the defendant for the charged crimes *without regard* to the form of the verdict director." *Id.* (emphasis added).

The State submitted sufficient evidence for the jury to find Appellant guilty of assault first degree. A person commits assault first degree if he or she "attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." § 565.050.1. Wife testified that after Appellant shot Husband, he forced his way into the residence and shot his gun. Following a struggle for the weapon, Appellant shot at Wife again, firing in the direction between her legs. To support Wife's testimony, the State presented ballistic evidence, including a bullet casing found inside the residence and gunfire damage to the living room wall. Collectively, the State presented sufficient evidence for the jury to find beyond a reasonable doubt that Appellant attempted to kill or cause serious physical injury to Wife by shooting at her. Point II denied.

### Points III-IV – Trial Court's Submission of Verdict-Director Involving First Degree Assault

We consolidate Appellant's third and fourth points for efficiency purposes. Essentially, Appellant argues the trial court plainly erred by submitting instruction 11, the verdict-director addressing the assault first degree count, because the language required the jury to find that Appellant shot Wife although the State failed to present evidence that Appellant actually shot her. Further, he argues that the verdict-director language differs from the indictment, constituting

8

a material and prejudicial variance depriving Appellant of notice regarding the charges against him.

*Standard of Review*

Claims that are not preserved may be reviewed at the discretion of this Court for plain error. Rule 30.20 provides that plain errors affecting substantial rights may be considered at the discretion of the court when the error created a manifest injustice or miscarriage of justice. *State v. Hunt*, 451 S.W.3d 251, 260 (Mo. banc 2014). "Plain error review is discretionary and involves two steps: first, we must determine whether the trial court committed evident, obvious, and clear error affecting the defendant's substantial rights; second, if plain error is found, we then consider whether the error actually resulted in manifest injustice or a miscarriage of justice." *State v. Weyant*, 598 S.W.3d 675, 678 (Mo. App. E.D. 2020) (quoting *State v. Berry*, 506 S.W.3d 357, 362 (Mo. App. W.D. 2016)). "Instructional error seldom rises to the level of plain error." *Id.* (quoting *Berry*, 506 S.W.3d at 362).

*Analysis*

We find that the assault first degree verdict-director, instruction 11, contained a typographical error by omitting the word "at." However, this typographical error did not rise to the level of plain error because it most likely did not mislead or misdirect the jury considering the evidence and testimony presented at trial. Whether or not a jury was properly instructed is a question of law. *State v. Miner*, 363 S.W.3d 145, 148 (Mo. App. E.D. 2012) (citing *Twin Chimneys Homeowners Assoc. v. J.E. Jones Constr. Co.*, 168 S.W.3d 488, 497 (Mo. App. E.D. 2005)). The test is whether the instruction follows the substantive law and can be readily understood by the jury. *Id.* at 498. When reviewing claimed instructional error, we view the evidence most favorably to the instruction, disregard contrary evidence, and reverse where the

9

party challenging the instruction shows that the instruction misdirected, misled, or confused the jury, and there is a substantial indication of prejudice. *Id.* "Typographical or inadvertent errors are not necessarily prejudicial when a literate juror could conclude what the instructions were intended to communicate." *Id.* at 149 (quoting *Buckallew v. McGoldrick*, 908 S.W.2d 704, 710 (Mo. App. W.D. 1995)).

Count III of the indictment charged Appellant with first degree assault because he "shot at Tricia Hicks." Nothing in the evidentiary record reflects that Appellant actually shot Wife, rather he shot at her, or in her direction, specifically firing in the area between her legs. Further, Wife expressly stated that she was "never shot" during the struggle with Appellant. During their closing arguments, the State and Appellant's trial counsel explained that Appellant did not shoot wife, rather, he shot at her. More specifically, the State commented that Appellant "didn't land a bullet in her body" and trial counsel commented that "[Wife], herself, said she was never shot." Whether Appellant actually shot Wife did not arise as an issue during the trial and neither party presented evidence or testimony regarding this issue, making it unlikely that the omitted "at" in the verdict-director misdirected or misled the jury. Based on the evidence presented, the jury most likely understood the instruction's intent despite the erroneous omission.

Further, the typographical error in the verdict-director did not create a material and prejudicial variance between the charging instrument and the instruction, number 11. To constitute reversible error, a variance between a charging instrument and a verdict-directing instruction must be "fatal," or in other words, both "material" and "prejudicial." *Id.* (citing *State v. Tillman*, 289 S.W.3d 282, 292 (Mo. App. W.D. 2009)). A variance is material when it affects whether the defendant received adequate notice of the charge presented at trial, and the variance is prejudicial when it affects the defendant's ability to defend against the charges. *Id.*

10

First, the difference between the indictment and the verdict-director did not constitute a material variance because Appellant had adequate notice of the charges against him at trial. The indictment charged that Appellant "shot at Tricia Hicks," reasonably informing Appellant "of the evidence which [would] be presented at trial." *State v. Borst*, 643 S.W.3d 586, 592 (Mo. App. W.D. 2022). Instruction 11 allowed the jury to find Appellant guilty if they found that he "attempted to kill or cause serious physical injury to Tricia Hicks by shooting her." Despite the omission of the word "at," the indictment and the verdict-director presented the same method of committing assault first degree, namely that Appellant fired a gun when attempting to kill or cause serious physical injury to Wife. "[W]hen a crime may be committed by any of several methods, ... the method or methods submitted in the verdict directing instruction must be among those alleged in the information." *Id.* (quoting *State v. Lee*, 841 S.W.2d 648, 650 (Mo. banc 1992)). The method remained the same between the indictment and the verdict-director even though the result, whether or not Wife was actually shot, varied. Appellant had adequate notice that the State would present evidence through Wife's testimony and ballistic evidence that he fired a gun attempting to kill or cause serious physical injury to Wife, making any difference between the indictment and verdict-director a non-material variance.

Second, the difference between the indictment and verdict-director did not create any prejudice because the variance did not change Appellant's ability to defend against the assault first degree charge and he could have presented the same defense for both variations. At trial, Appellant developed a mistaken identity defense theory, essentially arguing that he was not the person who shot at Wife. Appellant could have presented a mistaken identity defense to create doubt regardless of the variation. He could argue that another person "shot" Wife or "shot at" Wife, indicating that the variation between the indictment and the verdict-director did not affect

11

his ability to defend against the assault first degree charge, making the variance non-prejudicial. *See State v. Ganaway*, 624 S.W.3d 361, 367-369 (Mo. App. E.D. 2021) (finding Appellant was not prejudiced when his chosen defense would have applied to the offense as charged and the offense as described in the verdict-director instruction); *see also State v. Tarver*, 616 S.W.3d 370, 372 (Mo. App. S.D. 2020) (finding Appellant was not prejudiced where Appellant's defense theory would have been viable for both the charged offense and the offense described in the verdict-director instruction). Points III and IV denied.

### Point V – Sufficiency of the Evidence for Murder First Degree

In Point V, Appellant claims the trial court erred in denying his motion for judgment of acquittal because the State did not present sufficient evidence showing he was 18 years-old or older at the time of the offense as required in MAI-CR 4th 414.02.

*Standard of Review*

"When judging the sufficiency of the evidence to support a conviction, appellate courts do not weigh the evidence but accept as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict and ignore all contrary evidence and inferences." *Collins*, 648 S.W.3d at 718 (quoting *Wooden*, 388 S.W.3d at 527). In determining whether the evidence was sufficient to support a conviction, we ask only whether there was sufficient evidence from which the trier of fact reasonably could have found the defendant guilty beyond a reasonable doubt on each element of the crime charged. *Id.* (citing *Wooden*, 388 S.W.3d at 527); *Stewart*, 640 S.W.3d at 177. We will not reweigh evidence on appeal or make credibility determinations. *Mack*, 624 S.W.3d at 455.

*Analysis*

12

Similar to his second point, Appellant argues the State did not prove all of the elements contained in the murder first degree verdict-director. We conclude the trial court did not err by denying Appellant's motion for judgment of acquittal because the State presented sufficient evidence for a jury to find Appellant committed murder first degree beyond a reasonable doubt.

When determining a sufficiency of the evidence claim, we review whether there is sufficient evidence to support the charged crime, based on the elements of the crime as defined by statute, common law and the evidence presented at trial. *Brown*, 558 S.W.3d at 109 (citing *Voss*, 488 S.W.3d at 108-10). "[W]e evaluate whether the State presented sufficient evidence to submit to the jury the cases against the defendant for the charged crimes *without regard* to the form of the verdict director." *Id.* (emphasis added).

Without considering the verdict-director instruction, the State presented sufficient evidence for the jury to find Appellant guilty of murder first degree. A person commits first degree murder when he or she "knowingly causes the death of another person after deliberation upon the matter." § 565.020.1. "The crime of first degree murder consists of three elements: (1) knowingly (2) causing the death of another person (3) after deliberation upon the matter." *State v. Tisius*, 92 S.W.3d 751, 764 (Mo. banc 2002). The State presented sufficient evidence that Appellant knowingly caused Husband's death following deliberation. Appellant and Husband had an intense argument after Husband asked a woman to move her car so he could park in front of his residence. Wife testified that the argument ended, there was a period of silence then Appellant pretended to turn around before removing a gun from under his shirt. Wife testified that she saw Appellant smirk, turn around and shoot Husband multiple times with the gun. The jury could conclude that Appellant knowingly and deliberately shot Husband because a period of silence passed before he removed the gun and shot husband. Further reflecting on his

13

deliberation, Appellant feigned disengagement from the argument only to grab a gun and start shooting. The record reflects that the State provided ample evidence for all of the statutory elements of murder first degree for the jury to find Appellant guilty beyond a reasonable doubt.

Also, Appellant's sufficiency argument fails because the State was only required to prove the statutory elements of murder first degree beyond a reasonable doubt notwithstanding contrary MAI requirements. To the extent MAI–CR and its notes on use conflict with this substantive law, they are not binding. *State v. Celis-Garcia*, 344 S.W.3d 150, 158 (Mo. banc 2021) (citing *State v. Carson*, 941 S.W.2d 518, 520 (Mo. banc 1997) (finding that the "MAI–CR and its Notes on Use are 'not binding' to the extent they conflict with the substantive law)). Here, the trial court submitted MAI-CR 4th 414.02, requiring the jury to find that Appellant was "eighteen years of age or older at the time of the offense." Although sentencing varies for defendants found guilty of murder first degree depending on their age, the State was only required to prove the statutory elements of murder first degree to sustain a conviction. As explained above, the State presented sufficient evidence to establish the Appellant knowingly caused Husband's death by shooting him after deliberating on the matter. Although age plays a role during sentencing, Appellant's age was not a requirement for the jury to find him guilty beyond a reasonable doubt and the State did not have to provide evidence of Appellant's age. Point V denied.

### Conclusion

We affirm the trial court's judgment as well as Appellant's convictions and sentences.

_____
Thomas C. Clark II, J.

Lisa P. Page, P. J., and
Renée D. Hardin-Tammons, J., concur.

14